[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12615

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2011
JOHN LEY
CLERK

D. C. Docket No. 2:08-cv-00681-CEH-DNF

OCEAN BANK,
a Florida state banking corporation,

Plaintiff-Counter-
Defendant-Appellee,

versus

FIRST FLORIDA BANK,
a Florida state banking corporation,

Defendant-Counter-
Claimant-Appellant.

ROYAL PALM BANK OF FLORIDA,
a Florida state banking corporation,

Defendant-Counter-
Claimant.

_____

No. 10-12616

_____

D. C. Docket No. 2:08-cv-00681-CEH-DNF

OCEAN BANK,
a Florida state banking corporation,

Plaintiff-Counter-
Defendant-Appellee,

versus

FIRST FLORIDA BANK,
a Florida state banking corporation,

Defendant-Counter-
Claimant,

ROYAL PALM BANK OF FLORIDA,
a Florida state banking corporation,

Defendant-Counter-
Claimant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(March 17, 2011)

Before MARCUS and ANDERSON, Circuit Judges, and ALBRITTON,* District
Judge.

PER CURIAM:

_____
*Honorable William Harold Albritton III, United States Senior District Judge for the Middle
District of Alabama, sitting by designation.

2

After oral argument, and careful consideration, we conclude that the judgment of the district court is due to be affirmed, although perhaps upon grounds somewhat different from those relied upon by the district court.

Most importantly, we conclude that the parties' Participation Agreements confer priority payment rights to Ocean Bank, and that these rights apply to the distribution of proceeds from the sale of the property by the participating banks following their repossession thereof. The Participation Agreements expressly provide in Section 8C that principal payments—"either during the term of the Loan or during any post-maturity period" (emphasis added)—shall be subject to Ocean Bank's priority rights. The position that Ocean Bank retains its priority rights even after the property is repossessed by foreclosure is bolstered by paragraph 9(C) of the same Participation Agreements, which provides: "[T]he proceeds of all collateral directly securing payment of the Loan . . . shall be applied to the full payment of the Loan as provided in Section 8 above."

Even if there were some ambiguity with respect to the foregoing Participation Agreements, the record evidence of the parties' conduct provides overwhelming proof that the parties understood that the priority rights of Ocean Bank continued past repossession and applied to the proceeds of the sale of the

3

property.[1]  The Appellants argue that the record contains disputed issues of material fact, but their argument fails for lack of evidence.  The deposition testimony to which the Appellants cite neither denies that Ocean Bank maintained its priority after a foreclosure, nor denies that the other two banks confirmed this understanding to Ocean Bank.  The stricken affidavits upon which Appellants would like to rely were properly rejected as conclusory by the district court, and likewise provide no grounds for reversal.

Appellants also argue that no equitable lien could arise on the property unless the Appellant banks owed a debt to Ocean Bank.[2]  However, Appellants cite no cases for the proposition that parties who are competing for priority must owe debts to one another before any one of them may claim a lien on the collateral.  A debt was clearly owed to Ocean Bank as the unpaid lender in the underlying transaction, just as a debt was owed to the Appellant banks.  The fact that the property was collateral for the loan makes it proper for Ocean Bank to claim an equitable lien.  Accordingly, Appellants have no good argument against the

[1]  Any issues with respect to whether or not Ocean Bank had the right to sell the repossessed property are moot.  Appellants raised the issue only with respect to whether the oral agreement relied upon by the district court allowed for a sale, and we do not rely upon this oral agreement.

[2]  Appellants' argument that no equitable lien could arise without a written agreement is moot because we find that the written Participation Agreements provided the basis for a lien.

imposition of the lien.

Because we do not rely on the district court's theory that there was a new oral agreement, Appellants' arguments that the relief exceeded the pleadings and that there was no consideration to support the formation of a new agreement are moot.

For the foregoing reasons, the judgment of the district court is AFFIRMED.